**UNITED STATES v. THE SAGATIND, SAME v. THE DIAMANTINA, with libels against the cargoes of each vessel.**

(District Court, S. D. New York. August 3, 1925.)

**1. Customs duties ⊚⟹130—Vessel, discharging cargo of whisky through agency of smaller boats, is not constructively present within collection district.**

Vessel bearing cargo of whisky, which never physically arrived within limits of collection district, but which is being unladen by agency of smaller boats, is not constructively present within limits of collection district, so as to authorize seizure and forfeiture of either it or its cargo, under Tariff Act Sept. 21, 1922, §§ 585, 586, 592 (Comp. St. Ann. Supp. 1923, §§ 5841h4, 5841h5, 5841h11).

**2. Intoxicating liquors ⊚⟹247—Conviction of person in charge must be pleaded and proved, to effect forfeiture of vessel and whisky cargo under Volstead Act.**

To effect forfeiture of vessel and cargo of whisky under Volstead Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), it is necessary to have pleaded and proved conviction of person in charge.

**3. Internal revenue ⊚⟹46—Seizure and forfeiture of vessel and cargo of intoxicating liquor under statute held unauthorized.**

Vessel and its cargo, which have never physically arrived within collection district, held not subject to seizure and forfeiture, under Rev. St. § 3450 (Comp. St. § 6352), regardless of whether contact boats by which it was being unladen could reach land within an hour, since treaty, without which seizure must be invalid, applies only to prohibition, and not to customs act.

Forfeiture Libels. Proceedings by the United States for forfeiture of the Sagatind and of the Diamantina, and for forfeiture of the whisky cargoes of each vessel. Libels dismissed.

Emory R. Buckner, U. S. Atty., of New York City (Francis A. McGurk, Asst. U. S. Atty., of counsel), for the United States.

Karl T. Frederick, of New York City (John Schubert, of New York City, of counsel), for claimant of the Sagatind.

Wise, Whitney & Parker, of New York City (Henry A. Wise, of New York City, of counsel), for claimant of cargo of the Sagatind.

Louis Halle, of New York City (Emanuel Tacker, of New York City, of counsel), for claimant of the Diamantina and cargo.

AUGUSTUS N. HAND, District Judge. The Sagatind, a Norwegian vessel with a cargo of whisky, and the Diamantina, a British vessel carrying a similar cargo, were seized by United States revenue officers about 20 miles from the shore, and libels of forfeiture were filed against these ships and their cargoes.

[1] The cause of action set forth in the libel against the Sagatind for forfeiture under section 585 of the Tariff Act of September 21, 1922 (Comp. St. Ann. Supp. 1923, § 5841h4), is dismissed, because it appears from the testimony that the Sagatind never physically arrived within the limits of any collection district. It is argued that constructive presence is sufficient, but 1 know of no doctrine which would put such an interpretation upon this section.

The causes of action based on section 586 of the Tariff Act (section 5841h5) are dismissed for the same reason. It would be quite unreasonable to suppose that section 586 did not involve the physical presence of the vessels sought to be forfeited within four leagues of the coast. If it could be constructively present, and have its merchandise unladen through the agency of smaller boats, there would never have been any need of the 4-league statute. It could have had a similar constructive presence, even if 1,000 miles off shore, and might have been equally subject to seizure by reason of unlading through a contact boat.

[2] In respect to a forfeiture under the Volstead Act, I find no provision, except section 26 of title 2 (Comp. St. Ann. Supp. 1923, § 10138½mm), which relates to forfeiture, and in order to bring that section into play it is necessary to have pleaded and proved the conviction of the person in charge. No such facts have been shown, and the causes of action under this section are therefore dismissed.

There being no evidence adduced as to the ninth cause of action it is dismissed.

[3] In respect to section 3450 of the United States Revised Statutes (Comp. St. § 6352), irrespective of whether or not the contact boat could reach land within one hour, I am entirely persuaded, after full argument of counsel, that it does not apply. Without the treaty it would be impossible to work a case of forfeiture because, whatever interpretation or effect be given to this statute, the seizure must have been invalid. With the treaty the libelant is no better off, for by its terms it relates to prohibition, and not to customs acts. I shall therefore not decide the question which I have heretofore refused to pass on (because it was unnecessary to do so) whether section 3450, supra, is not supplanted as a ground of forfeiture by section 26 of the National Prohibition Act.

For the foregoing reasons, all causes of action against the Sagatind must be dismissed.

In respect to the libel against the cargo of the Sagatind the same reasoning applies as in case of the Sagatind. Neither section 26 of the Prohibition Act, nor section 3450 of the Revised Statutes, can therefore justify a forfeiture. Section 592 of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, § 5841h11) is also invoked in respect to this cargo; but that section, by its express terms, cannot justify a seizure outside of the territorial jurisdiction of the United States. The treaty does not operate as an extension of such jurisdiction, except in aid of prohibition statutes, and section 592 is a customs act. It is unnecessary to discuss the question whether the contact boat could have made the shore in one hour. The evidence offered to show that she could impressed me as doubtful, but I am deciding the cases wholly on points of law. On the law the conclusions I have reached seem to me absolutely inevitable.

Coming now to the Diamantina and its cargo, the libels set forth similar causes of action to those against the Sagatind and her cargo.

The libels in all four cases must be dismissed, and certificates of probable cause for the seizures are granted to the officers making the same.

Settle decrees on notice.